FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA
NOV 1 0 2015
OFFICE OF THE CLERK

**UNITED STATES DISTRICT COURT**
**NEBRASKA, LINCOLN DIVISION**

LOGAN LUNDAHL,
HOLLI TELFORD

Plaintiffs

v.

STEPHEN DUNN; STEPHEN KENYON; DUSTIN SMITH; JEFF SEMRAD; DIXIE HUBBARD; JAIME DE ANDA; ONEIDA COUNTY; KEY BANK; US BANK; LAW OFFICES OF MERRILL AND MERRILL KIMBERLEY JOHNSON; DETECTIVE SCHWARTZ ; DOUG WILLIAMS and DAVID NYE, CRAIG CHRISTENSEN, FIRST AMERICAN TITLE INSURANCE COMPANY; B J BROWN; SHARON HESS AND DOES 1-10

Defendants

Civil No. 4:15CV3133

COMES NOW Plaintiffs, trustees of the Telford-Lundahl trust with its principal place of administration and residence in Kimball Nebraska, and allege as follows:

## SUBJECT MATTER JURISDICTION

1. Subject Matter Jurisdiction exists over this action pursuant to (1) Violations of the Federal Racketeering Act, 18 USC § § 1961, et seq. (2) Violations of the Fair Housing Amendments Act, 42 U.S.C. §§ 3601-3619, 3631); (3) Retaliation under under the FHAA; the ADA and Federally Funded Programs, 42 U.S.C. § 3602(h), 29 U.S.C. § 794, 42 U.S.C. § 3617 , 24 CFR § 100.400 and 42 U.S.C. § 3631; (4) The Federal Computer Fraud And Abuse Act "CFAA", 18 U.S.C. § 1030(g); (5) the Federal Civil Rights Act; (6) Injunctive relief under the Ex Parte Young Doctrine and 42 U.S.C. § 3615 ; (7) Declaratory relief under 28 USC section 2201 and 42 U.S.C. § 3615; and (8) Supplemental jurisdiction over Plaintiff's

state law claims for ; (a) false arrest /false imprisonment; (b) abuse of process; (c) Breach of the covenant of Quiet enjoyment; (d) Constructive fraud; (e) Breach of contract and of the covenant of good faith and fair dealing; (f) Nebraska Unfair Trade Practices Act; (g) Tortious interference with contract, judgment and prospective economic advantage; and (h) conversion.

Personal and Venue Jurisdiction Allegations

1. Plaintiffs are trustees and assignees to the Telford-Lundahl trust in which the principal place of administration of the trust is located in Kimball Nebraska within the meaning of Neb. Rev. Stat. §§ 30-2803, 30-2804. Venue for any dispute regarding Trust assets is in the state of Nebraska. See Neb. Rev. Stat. § 30-2808. See too NEB. REV. STAT. § 30-3813(a). [1] The defendants herein have consistently converted and depleted the assets of the trusts in violation of federal and state laws. [2] Plaintiff Hollie Telford also pursues torts against her person in this litigation.

---

1. Plaintiffs' status as assignees to the legal claims for moneys owed the trust are authorized under SPRINT COMMUNICATIONS CO. v. APCC SERVICES, INC. (No. 07-552) (U.S. 2008). The primary settlors of this trust are Hollie Telford fkna Hollie Lundahl and Heidi Bell who are also beneficiaries of the trust as well as 12 direct beneficiaries and their lineage. Aside from personal assets of the trust beneficiaries, the trust also consists or consisted of real properties located in the states of Idaho, Nevada, Utah, Wyoming, Texas and Nebraska. The Defendants interferred with these trust assets as alleged herein to the considerable financial injury of the trust res.

2. See GREENOUGH v. TAX ASSESSORS OF CITY OF NEWPORT, 331 U.S. 486, 67 S.Ct. 1400, 91 L.Ed. 1621 (1947):

The trustee of today moves freely from state to state. The settlor's residence may be one state, the seat of a trust another state and the trustee or trustees may live in still another jurisdiction or may constantly change their residence. Anderson v. Wilson, 289 U.S. 20, 27, 53 S.Ct. 417, 420, 77 L.Ed. 1004. The trust, consists of legal interests of the trustees and the res of the beneficiaries. Brown v. Fletcher, 235 U.S. 589, 598—600, 35 S.Ct. 154, 157, 59 L.Ed. 374; The legal interest of the trustee in the res is a distinct right. The trustee as the owner of this legal interest in the res may incur obligations in the administration of the trust enforceable against him, personally. See Scott, Trusts (1939) 487, 1469 et seq.; Williston, Contracts (1936) § 312; 1 Bogert, Trusts and Trustees (1935), § 146. The trustee is personally liable at law for contracts for the trust. See Duvall v. Craig, 2 Wheat. 45, 56, 4 L.Ed. 180; Taylor v. Davis, 110 U.S. 330, 335, 4 S.Ct. 147, 150, 28 L.Ed. 163 (As a trustee holds the estate, although only with the power and for the purpose of managing it, he is personally bound by the contracts he makes as trustee, even when designating himself as such.); Specific performance may be decreed against him. Warren v. Goodloe's Ex'r, 230 Ky. 514, 520, 20 S.W.2d 278. In addition, the trustee when acting within his powers for the

2. Defendant B J Brown is a citizen of the state of Nebraska having a lenders interest in real property (res of the trust), located in Malad City, Idaho.

3. Defendants Jaime De Anda, Stephen Dunn, David Nye, Craig Christensen and Law Offices of Merrill and Merrill are residents of the state of Idaho and are sued in their capacities as private citizens for all acts committed by them before the date of November and December of 2008, the latter date when Stephen Dunn and David Nye were appointed state judges over the jurisdiction of Malad City Idaho. This action sues Stephen Dunn and David Nye in their individual official capacities for prospective injunctive relief under Ex Parte Young and 42 U.S.C. § 3615 and for declaratory relief under the federal civil rights statute and the Declaratory Judgment act after that date. This Action also sues Defendant Stephen Kenyon in the same individual official capacity as clerk of the Idaho Supreme Court under Ex Parte Young and 42 U.S.C. § 3615 and for declaratory relief under the federal civil rights statute and the Declaratory Judgment act..

4. Defendants Dustin Smith, Jeff Semrad, Dixie Hubbard, Doug Williams, Sharon Hess, Oneida County and Detective Schwartz are residents of the state of Idaho are are sued in their personal and official capacities for acts in which there is not qualified immunity under federal law.

5. Defendants Key Bank, US Bank and First American Title Company are residents of this judicial district in Nebraska pursuant to 28 U.S. Code § 1391(c)(2) as doing ongoing business in the state of Nebraska.

6. Venue is proper in this state also under the Federal Racketeering Act under 18 U.S. Code § 1965(a),(b) and 18 U.S. Code § 3237(a) which provides that mail fraud and wire fraud crimes may be instituted in any district in which an interstate or foreign transmission was begun, continued or completed. *See United States v. Goldberg*, 830 F.2d 459, 465 (3d Cir. 1987)(Section 1343 is a continuing offense under 18 U.S.C. § 3237 "so that venue is proper in any district in which the offenses were begun, continued, or completed.").

GENERAL ALLEGATIONS

7. The Telford -Lundahl Trust was created in 1993 and it's principle function is

---

trust is entitled to exoneration or reimbursement. Scott, Trusts, § 244 et seq. and § 268. The trust res may be pursued in equity by a creditor for payment. Scott, Trusts, § 267 et seq. See Ballentine v. Eaton, 297 Mass. 389, 8 N.E.2d 808; O'Brien v. Jackson, 167 N.Y. 31, 60 N.E. 238.

to secure residential and business securities for it's beneficiaries and their heirs. This action deals in part with retaliatory and discriminatory interference with the quiet enjoyment of residential property located in Malad Idaho in violation of the Fair Housing Amendments Act and with criminal/tortious interference with ownership and propagation of commercial real property located in Orem Utah in violation of the Federal Racketeering Act. This action also seeks tort remedies for the Defendant's violations of the Federal Civil Rights Act over which this court has pendent claim jurisdiction.

8. In 2004, the Trust entered into a lease contract re residential real property located in Oneida County, Malad City Idaho (with an option to purchase) bearing situs address of 10621 S. Old Highway, Malad City, Idaho 83252. The option to purchase was exercised in May of 2005, and the purchase was funded by the Brown Trust owned by defendant B.J. Brown, a resident of the state of Nebraska. A Trust Deed dated May of 2005 was recorded in the Oneida County Recorders office in the names of Jim Keddington, Marie Marchant and Holli Lundahl aka Hollie Telford.

9. In July of 2005, Plaintiff Telford opened up a purchase transaction of certain freeway real property located in Orem, Utah with the goal of converting the real property to a commercial asset facilitating the construction of another medical diet office under the label of the MD Diet Companies. Defendant First American Title Insurance Company was retained as the title, escrow agent and closing company for this purchase transaction.

10. Telford placed $15,000 with First American Title; the cash difference for the full purchase price and consideration of assignment of the note and trust deed to Telford by the sellers on the subject real property. Telford's $15,000 cash deposit was drawn from Telford's MD Diet bank account held by Defendant US Bank. The note and trust deed re this transaction was funded by Beehive Credit Union. The Seller Barry Brown signed a contract agreeing to assign the note and trust deed held by Beehive Credit Union to Telford. First American Title's agent Jeff Barnes met with Telford and Brown at First American Title's offices on State street in Orem, Utah to effect the necessary “conveyance paperwork” to make Telford the new borrower on the Note and Trust Deed held by Beehive Credit Union. It was First American Title's fiduciary duty to acquire the necessary documents from Beehive Credit Union which would convey the note and trust deed to Telford.

11. Part of the purchase transaction required the sellers to aid Telford in obtaining various subdivision and zoning variances from the City of Orem, and to obtain permits for

authorized infrastructure construction. Telford was to pay all of these fees. The Sellers and Telford met with Orem officials to obtain these variances and Telford paid all of the fees to Orem City, Utah. Telford also paid a contractor to perform the necessary infrastructure work to the subject real property for conversion to commercial use. Telford expended an additional $30,000 to pay these fees. These monies were drawn off of Telford's MD Diet bank account held by US Bank.

12. At the outset of the escrow transaction, First American Title's Idaho wholly owned affiliate First American Title Company of Idaho, sent Telford a title insurance binder for the Orem Utah transaction (see exhibit "1" attached). The fees for this binder were paid from Telford's MD Diet account with US Bank.

13. When First American Title failed to close the transaction within a reasonable period of time, Telford sued First American, the Browns and Beehive Credit Union in the federal court in Idaho as USDC case no. 4:05-CV-460, Telford v. Brown, seeking as among other remedies, injunctive relief to close the transaction and constructive trust.

14. On February 3, 2006, First American Title made a general appearance in the federal action. See exhibit "2" attached. Barry Brown appeared through his attorneys the Law Offices of Merrill and Merrill and of whom Defendants David Nye and Stephen Dunn were then attorneys owning a partnership interest. See exhibit "3" attached for partnership admissions with this law office. To obstruct the federal action in violation of 18 USC § 1503, Defendant Merrill and Merrill with the partnership approval of Nye and Dunn, falsely accused Telford of forging Barry Brown's signature to the assignment contract wherein Brown agreed to procure assignment of the note and trust deed by Beehive Credit Union, to Telford. This false criminal accusation was made well after Telford had already expended out of pocket $45,000 towards improvements made on the subject real property from her bank account held with US Bank. Immediately after this extortionate criminal accusation was made, [3]

---

3.. Nebraska's extortion statute provides: NRS **28-513. Theft by extortion.**

(1) A person commits theft if he obtains property of another by threatening to:

(b) Accuse anyone of a criminal offense; or

(c) Expose any secret tending to subject any person to hatred, contempt or ridicule, or to impair his credit or business repute; or

(d) Take or withhold action as an official, or cause an official to take or withhold action; or

(f) Testify or provide information or withhold testimony or information with respect to another's legal claim or defense.

First American Title in violation of the rules of federal procedure, filed a motion to dismiss the Idaho federal action on the grounds of lack of personal jurisdiction. In support of this motion which violated 18 USC § 1503, First American Title submitted the affidavit of Monine Cole, a vice president of operations for First American Title Company of Idaho, denying the existence of any entity known as First American Title Insurance Company which did business in Idaho. See exhibit "4" attached for relevant parts of Cole's perjurious affidavit.

15. Telford timely submitted an objection to First American Title's motion to dismiss as waived by First American Title's "general appearance". Telford also attached to her objection, documents which impeached the perjury committed by Cole, to wit: (a) the registration filing with the Idaho Dept. of Insurance showing that First American Title Insurance Company had been doing insurance business in the state of Idaho since 1969 (see exhibit "5" attached); (b) the annual report for First American Title Insurance Company of Idaho showing Parker Kennedy and Tom Hartman as directors of the First American Title Company of Idaho (see exhibit "6" attached); and (c) the biographies of Parker Kennedy and Tom Hartman (see exhibit "7" attached) showing ownership of First American Corporation aka First American Title Insurance Company domiciled out of Santa Ana California, and as verified in exhibit "5" attached. Dunn and Nye on behalf of Merrill and Merrill, procured the clerk of the court not to file Telford's timely objection into the record in violation of 18 USC § 1503 and 18 U.S.C. § 1512 (c)(1).[4] When the defendants caused their false documents to be filed into a federal proceeding onto a PACER record, they also committed wire fraud.[5] As a direct cause of the defendants fraud, the federal judge rejected jurisdiction over the

---

4. Title 18 U.S.C. § 1512 **(c)** Whoever corruptly—

(1) alters, destroys, mutilates, **or conceals a record,** document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or

5. See *Carpenter*, 484 U.S. At 27 ("[T]he words 'to defraud' in the mail fraud statute have the 'common understanding' of '"wrongdoing one in his property rights by dishonest methods or schemes," and "usually signify the deprivation of something of value by trick, chicane, or overreaching."' (quoting *McNally v. United States*, 483 U.S. 350, 358 (1987) ( "All that is required is that [the defendant has] knowingly and willingly participated in the scheme; she need not have performed every key act herself."). The "evidence need only show that defendant was a 'knowing and active participant' in scheme to defraud and that scheme involved interstate wire communications." *Id.* (quoting *United States v. Wiehoff*, 748 F.2d 1158, 1161 (7th Cir. 1984).

merits of the federal lawsuit and dismissed same for lack of personal jurisdiction in June of 2006. In September of 2006, the Idaho federal judge entered a final rule 58 judgment after refusing to correct his jurisdictional errors subject to Telford's rule 59 motion. Telford timely appealed.

16. On October 4, 2006, all defendants except De Anda, Key Bank, Williams, Brown and Hess, procured Utah federal authorities to arrest Plaintiff Telford aka Holli Lundahl, for among other charges, the forgery act alleged by Brown through instructions of Merrill and Merrill, Dunn, Nye, Christensen, and First American, in re USDC-Utah case no. 2:06-CR-693 later consolidated with 2:07-CR-272.

17. Plaintiff was extra-dicted to Utah and falsely imprisoned in the Utah County jail. For purposes of bail proceedings taken under submission on December 8, 2006, Defendant Schwartz and Hubbard conspired to submit a false 302 FBI report which purported to aver that Telford's Idaho ranch property located at 10621 S.Old Hwy 191, Malad City Idaho was abandoned, had no power to the home, and was not worthy of bond within the meaning of 18 U.S.C. § 3142(c)(1)(B)(xi). See exhibit "8" attached for this false 302 FBI report with attached thereto the power bill impeaching the statements of no power made in the 302 FBI report. This 302 FBI report was recorded into the PACER docket thus constituting a wire fraud violation. The foregoing defendants also indicated that Telford/Lundahl was a flight risk because she traveled throughout the western and central states to establish diet businesses and therefore had access to sufficient funds to flee. Irrespective that Telford/Lundahl had no misdemeanor or felony criminal record at the then age of 51, Telford/Lundahl was denied pre-trial release in violation of the federal bail reform act, 18 U.S.C. § 3142 and kept pre-trial detained for a period of almost 3 years. During this pre-trial detention, Telford's proprietarily owned businesses went defunct.

18. While Telford remained falsely imprisoned during this 3 year period, First American Title in conspiracy with Christensen, Brown, Merrill and Merrill, Dunn and Nye, changed First American Title Insurance Company's business name residing at 578 South State Street Orem, Utah 84058, to a different name: i.e. "First American Title Insurance Agency of Utah, LLC, a Delaware Limited Liability Company,"; all in order to conceal their RICO violations committed in the Idaho federal action. Unfortunately for these co-conspirators, they failed to destroy the records of First American Title Insurance Company which had been recorded with the Utah County Recorders Office during the same time frame

that Telford had initiated the Orem, Utah purchase transaction with First American Title Insurance Company. See exhibit "9" attached hereto for various unrelated recorded documents identifying the name of the title company residing at 578 South State Street Orem, Utah 84058 as FIRST AMERICAN TITLE INSURANCE COMPANY. In fact, First American Title Insurance Company's agent, Jeffrey Barnes, performing the escrow transactions, executed affidavits for the Idaho federal action and used a notary for his office by the name of Vicky Gregory bearing First American Title Insurance's street address as recorded in the Utah County Recorder's office. See exhibit "10" attached hereto.

19. First American Title also conspired with US Bank and Johnson, to destroy all of Plaintiff's bank records so that Plaintiff Telford could not prove that FIRST AMERICAN TITLE INSURANCE COMPANY negotiated Telford's checks as opposed to the newly created false entity, First American Title Insurance Agency of Utah, LLC, a Delaware Limited Liability Company. First American Title Insurance Company could successfully conceal any negotiated funds on their end, because all monies received by First American Title Insurance Company's subsidiary entities are all deposited into a federal savings bank owned solely by First American Corporate. See exhibit "15" attached for redacted check by First American.

20. After formalizing this scheme, First American Title then used this false name to open an interpleader action in a municipal court in Utah on August 2, 2006 as case no. 0602-1791 for the purpose of extorting Telford of the right to ever sue First American Title Insurance Company or her co-conspirators for any torts related to the transaction at hand. See exhibit "11 attached hereto. When First American Title failed to serve Telford with the complaint by April 1, 2008, the trial court issued an order to show cause re dismissal of the Utah action. See exhibit "12" attached for OSC order. Telford received this order from the court in the mail at the Texas prison where she was presently in pre-trial custody on the Brown's forgery charge, among others. Telford wrote an objection to the Utah court where she denied that she had ever been served a summons and complaint in the Utah interpleader action. On July 28, 2008, while Telford was still in custody, the Utah court granted judgment in the Utah action to the Browns based upon the Browns, Merrill and Merrill, Dunn's Nye's, First American Title's and Christensen's false claims that the Idaho federal court had decided Telford's claims on it's merits, thereby barring the Utah action and any other action under the doctrine of res judicata. The order also purported to release First American Title and all of her affiliates of any further liability. See exhibit "13" attached for final judgment page of that void

order.

21. On January 21, 2009, all of the 2006/2007 federal criminal charges against Telford/ Lundahl were dismissed without prejudice upon motion of the prosecutor, for lack of probable cause and hence subject matter jurisdiction to proceed with the criminal action. See exhibit "14" attached for dismissal order. After Telford/ Lundahl was released, Telford visited the Utah court and obtained a certified copy of the final judgment at exhibit "13 attached, Telford visited the subject real property in Orem which had erected thereon a commercial building thus increasing the value of the property 100 fold, and Telford's diet businesses went defunct due to Telford's false imprisonment which disabled Telford from running those businesses. Telford also investigated into the new psuedo Plaintiff created by First American Title in re the interpleader action. Attached hereto as exhibit "16", is the Utah secretary of state's records for First American Title Insurance Agency of Utah, LLC, a Delaware Limited Liability Company. These records show that **this entity wasn't even created until 5 months after the Utah Interpleader action was filed under this entity's name.**

22. Telford returned back to the Idaho property after the criminal charges were dismissed. Telford and Lundahl then learned that the Idaho property had been disabled by Oneida County officials -- to buttress Telford's denial of any bond release in the 2006 to 2009 criminal prosecutions. Specifically, the Oneida County defendants had converted and removed the propane gas tank which heated the water pipes to the Idaho ranch, thus causing the residence to flood and develop black mold. The Oneida county defendants also loaded the deep water well which supplied the residence with water, with pea rocks; to render the well incompetent.

23. A number of beneficiaries of the Telford - Lundahl Trust are classified as permanently disabled under the VA or SSI. Because Telford/Lundahl's 3 year incarceration and other racketeering acts rendered Telford and the trust financially insolvent, neither Telford or the trust was able to finance any repairs to the Idaho residence. Accordingly, Plaintiff Hollie Telford and beneficiary Ruth Telford, both classified as permanently disabled and therefore protected class members under the FHAA, approached the USDA to seek "a repair accommodation" to correct the vandalized well water system. The USDA agent Lana Duke informed Plaintiff Telford that she could only grant the repair accommodation to Ruth Telford as a person over the age of 65, and that Ruth Telford must hold some title in the

property for a period of one day over three years to exercise the $7500 grant. Duke then indicated that the property could revert back to the Telford-Lundahl trust after the three year period had expired under the terms of the section 504 of the rehabilitation act. USDA agent Duke presented Telford with the documents attached hereto as exhibit "17" as the regulating documents. In accordance with this arrangement, Plaintiff Telford procured the other two vested owners to temporarily grant their title in the property to Ruth Telford under two grounds of consideration, to wit: (1) that Ruth Telford execute the USDA grant papers found at exhibit "17 attached, and (2) that Ruth Telford signed the Addendum to the Trust Deed which granted to and acknowledged that Plaintiff Telford was the irrevocable trustee on the property liable for all debts, securities, income and financial management that applied to the property. In exchange, Ruth Telford received a vehicle formerly owed by Plaintiff Telford having a book value of $8,000. All of Ruth Telford's heirs, also beneficiaries of the trust, were noticed of this transaction.

24. The owners of the Idaho property did execute a special deed and addendum attached hereto as exhibit "18."

WHEREFORE, PLAINTIFF PRAY FOR THE FOLLOWING:

(1) Treble damages under the federal Racketeering Act, 18 USC § § 1961, et seq.

(2) Compensatory and punitive damages and equitable and injunctive relief under Fair Housing Amendments Act, for Retaliation under under the FHAA; the ADA and Federally Funded Programs; The Federal Computer Fraud And Abuse Act "CFAA"; and the Federal Civil Rights Act;

(3) Declaratory relief under 28 USC section 2201 and 42 U.S.C. § 3615; and (8) Supplemental jurisdiction over Plaintiff's

(4) Compensatory and punitive damagesfor ; (a) false arrest /false imprisonment; (b) abuse of process; (c) Breach of the covenant of Quiet enjoyment; (d) Constructive fraud; (e) Breach of contract and of the covenant of good faith and fair dealing; (f) Nebraska Unfair Trade Practices Act; (g) Tortious interference with contract, judgment and prospective economic advantage; and (h) conversion.

(5) Trial by Jury;

(6) Pre and post judgment interest.

Dated: November 6, 2015

Logan Lundahl

Holli Lundahl

HOLLI TELFORD

1

First American

*First American Title Company of Idaho, Inc.*
660 E Franklin, Ste 120

Meridian, ID 83642
Phn - (208)375-0455
Fax - (208)323-9015

File No.: **792440 ( JO)**

Buyer and Seller herein affirm and agree that First American Title Company of Idaho, Inc., its employees, agents, or assigns have not made any warranties as to the accuracy of these tax figures. Further, Buyer and seller agree that should the actual tax, as shown on the tax statement forwarded by the Assessor/Treasurer's Office during the year of the sale differ from the figure represented on the attached closing statement, the following will occur:

1. In the event Buyer has received excess credit based on the "estimated tax", Buyer agrees to reimburse Seller; or

2. In the event Buyer has not received sufficient credit based on the "estimated tax", Seller agrees to reimburse Buyer.

3. Payment of the pro-rated portion, due, if any, shall be made by the respective party (directly to the party) within thirty (30) days after notification of the actual tax assessed.

4. PAYMENT OF ANY SUBSEQUENT TAX STATEMENTS WHICH MAY BE RECEIVED AFTER DATE OF CLOSING ON THIS TRANSACTION WILL BE HANDLED DIRECTLY BETWEEN THE RESPECTIVE PARTIES, AND FIRST AMERICAN TITLE COMPANY OF IDAHO, INC. DOES NOT ASSUME ANY LIABILITY OR RESPONSIBILITY IN CONNECTION THEREWITH.

Further, Buyer and Seller herein agrees to hold First American Title Company of Idaho, Inc. harmless from any loss, liability, or responsibility in the event the estimated tax figures are based on a Homeowner's Tax Exemption, which may or may not apply for the year in which the sale occurs. It is agreed that it shall be the buyer's responsibility to investigate the status of the Homeowner's Tax Exemption as it may apply to the property being purchased.

Dated: 31st day of August, 2005

"26"

2

Craig W. Christensen
**CRAIG W. CHRISTENSEN, CHARTERED**
414 South Garfield
P.O. Box 130
Pocatello, Idaho 83204-0130
Telephone: (208) 234-9353
Fax: (208) 234-9357
Idaho State Bar No. 2086
Utah State Bar No. 10355
E-mail: cwcc@ida.net

Attorneys For: First American Title Insurance Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| H. M. TELFORD,<br><br>Plaintiff,<br><br>-vs-<br><br>LADD BROWN, BARRY BROWN AS AGENT FOR LADD BROWN, PAUL C. HESS PERSONALLY AND AS VICE PRESIDENT OF BEEHIVE CREDIT UNION, BEEHIVE CREDIT UNION, AMBER ALLEN, FIRST AMERICAN TITLE INSURANCE CO. JEFF BARNES AND DOES 1-10,<br><br>Defendants. | Case No. CIV-05-460-E-MHW<br><br>NOTICE OF APPEARANCE OF FIRST AMERICAN TITLE INSURANCE COMPANY |

PLEASE TAKE NOTICE that Craig W. Christensen of Craig W. Christensen, Chartered, hereby enters his appearance for

the Defendant, First American Title Insurance Company in the above referenced proceeding.

DATED This 3RD day of February, 2006.

CRAIG W. CHRISTENSEN, CHARTERED

By [signature]
Attorneys for First American Title Insurance Company

CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Kent A. Higgins
khiggins@merrillandmerrill.com

J. Kevin West
jkw@hallfarley.com
jkw@hallfarley.com

And, I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non-CM/ECF Registered Participants:

H. M. Telford
68 West 100 North
P. O. Box 168
Malad City, ID 83252

[signature]

Craig W. Christensen
**CRAIG W. CHRISTENSEN, CHARTERED**
414 South Garfield
P.O. Box 130
Pocatello, Idaho 83204-0130
Telephone: (208) 234-9353
Fax: (208) 234-9357
Idaho State Bar No. 2086
Utah State Bar No. 10355
E-mail: cwcc@ida.net

Attorneys For: First American Title Insurance Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| H. M. TELFORD,<br><br>Plaintiff,<br><br>-vs-<br><br>LADD BROWN, BARRY BROWN AS AGENT FOR LADD BROWN, PAUL C. HESS PERSONALLY AND AS VICE PRESIDENT OF BEEHIVE CREDIT UNION, BEEHIVE CREDIT UNION, AMBER ALLEN, FIRST AMERICAN TITLE INSURANCE CO. JEFF BARNES AND DOES 1-10,<br><br>Defendants. | Case No. CIV-05-460-E-MHW<br><br>NOTICE OF APPEARANCE ON BEHALF OF DEFENDANT, JEFF BARNES |

PLEASE TAKE NOTICE that Craig W. Christensen of Craig W. Christensen, Chartered, hereby enters his appearance for and on behalf of the Defendant, Jeff Barnes, in the above referenced proceeding.

DATED This 8th day of March, 2006.

CRAIG W. CHRISTENSEN, CHARTERED

By /s/ Craig W. Christensen
Attorneys for Jeff Barnes

CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Kent A. Higgins
khiggins@merrillandmerrill.com

J. Kevin West
jkw@hallfarley.com
jkp@hallfarley.com

And, I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non-CM/ECF Registered Participants:

H. M. Telford
68 West 100 North
P. O. Box 168
Malad City, ID 83252

/s/ Craig W. Christensen

3

Sign in (https://www.lawyercentral.com/professionals/)

Lawyer Central™ (http://www.lawyercentral.com)
Follow @lawyercentral

Find Lawyers

Are you a Lawyer? (http://www.lawyercentral.com/attorney-home.html)

R Like 567 al Is G+1 (http://www.lawyercentral.com/site-search.html)

Home (http://www.lawyercentral.com) Blog (http://www Free Case Evaluation (http://www.lawyercentral.com/free-case-evaluation.html)

Press Releases (http://www.lawyercentral.com/press-releases.html) Legal Advice Forum (http://www.lawyercentral.com/forum/)

Videos (http://www.lawyercentral.com/lawyer-video-library.html) All Areas of Law

Home (http://www.lawyercentral.com) Find a Lawyer (http://www.lawyercentral.com/find-a-lawyer.html) Attorney Name Idaho Lawyer Directory (http://www.lawyercentral.com/idaho-lawyers--id.html)

Idaho

Lawyer Central
Claim Your Profile for Free
Start Here

[redacted]

Claim This Profile

# Stephen S Dunn

## Merrill & Merrill, Chartered

Veteran Home Loans
Get a Quote on a VA Home Loan. PreQualify for $0 Down up to $417K!

Attorney Stephen Dunn is a Member of *Merrill & Merrill, Chartered*, a law firm in Pocatello, ID. As a lawyer in Pocatello, Idaho, attorney Dunn serves Bannock County, as well as clients throughout Idaho.

0 0 G+1 0

Attorney Profile | Law Firm Info | Videos | Verdicts | News

**Are you attorney Stephen Dunn?**
Claim your profile and keep your contact information up to date.

## Contact Information

Phone : (208) 232-2286

Fax : (208) 232-2499

Contact Attorney

## Areas of Practice




## Admitted to Practice Law




NO WEBSITE AVAILABLE

## NEWSBRIEFS

**David W. Gratton** was appointed by Governor C.L. "Butch" to a new seat on the Idaho Court of Appeals. The appointment will be effective January 1, 2009. The new seat on the bench was created by the Legislature last winter, expanding the appellate court from three to four members.

"Heavy caseload and the complexity and magnitude of cases being handled by our judiciary prompted the Legislature to add a judge to the Court of Appeals," Governor Otter said. "Dave Gratton's experience, temperament and perspective make him a solid choice for this important position."

Mr. Gratton, 48, is an Emmett native with a bachelor's degree from Boise State University and a law degree from the University of Idaho. He is a partner in the Boise law firm of Evans Keane LLP, and previously clerked for the late U.S. District Judge Hal Ryan.

Mr. Gratton and his wife, Robin, have two children and live in Boise.

**Stephen S. Dunn** was appointed by Governor C. L. "Butch" Otter to the Sixth District judgeship position that was vacated by Judge Ronald E. Bush, who assumed a federal magistrate's position for the U.S. District Court District of Idaho. The appointment is affective immediately. Previous to his appointment, Judge Dunn was a partner in the Pocatello law firm Merrill & Merrill, Chtd. He was a part time federal magistrate from 1990 to 1992. He has practiced law for 31 years. He is a Twin Falls native and Brigham Young University graduate. He lives in Chubbuck with his wife, Wanda and three daughters.

**Adoption of IRCP 16(p), Informal Custody Trial**—The Idaho Supreme Court has just adopted a new rule, IRCP 16(p), Informal Custody Trial, that allows parties to opt-in to an alternative trial process for resolving custody issues. The parties must execute a consent form and a form waiving the application of the Rules of Evidence. The order adopting this rule can be found on the court's website at http://www.isc.idaho.gov/rulesamd.htm and is effective immediately.

**Preliminary Draft of Proposed Amendments to the Federal Rules of Practice and Procedure**—The Judicial Conference of the U.S. Committee on Rules of Practice and Procedure has requested public comment on the preliminary draft of proposed amendments to the Federal Rules of Appellate, Bankruptcy, Civil, and Criminal Procedure; and the Federal Rules of Evidence. The rules committees welcome all comments, favorable, adverse, or otherwise. In addition to comments they would like alternative suggestions. Comments will be considered carefully by the respective rules committees, which consist of experienced trial and appellate lawyers, scholars, and judges. You can view the text online www.uscourts.gov/rules, or you can call (202) 502-1820 for a copy. All comments can be mailed to Peter G. McCabe; Secretary Committee on Rules of Practice and Procedure of the Judicial Conference of the United States; Thurgood Marshall Federal Judiciary Building; Washington, D.C. 20544. They can also be sent electronically to <Rules_Comments@ao.uscourts.gov> are due by February 17, 2009.

**The Idaho Supreme Court has adopted two new rules of evidence with an effective date of January 1, 2009.**—New Rule 803(23) is an exception to the hearsay rule entitled "Medical or dental tests and test results for diagnostic or treatment purposes". New Rule 904 addresses authentication of items described in Rule 803(23). The full text of the rules as set out in the Supreme Court's order can be found on the court's website at http://www.isc.idaho.gov/rulesamd.htm.

## DISCIPLINE

### DAVID E. RAYBORN
**(Transfer to Disability Inactive Status)**

On September 18, 2008, the Idaho Supreme Court issued an Order transferring Pocatello attorney **David E. Rayborn** to disability inactive status pursuant to I.B.C.R. 516(b).

The Idaho Supreme Court's Order followed a Professional Conduct Board recommendation and stipulated resolution of an Idaho State Bar (ISB) disciplinary proceeding. On January 8, 2008, the ISB filed a formal disciplinary Complaint against Mr. Rayborn alleging professional misconduct. Mr. Rayborn had previously voluntarily placed himself on inactive status on September 12, 2006, because of "mental and physical illness."

By the terms of the Idaho Supreme Court's Order, in lieu of a formal sanction, Mr. Rayborn has been transferred to disability inactive status pursuant to I.B.C.R. 516(b)(1)(E) for a minimum period of five years, retroactive to September 12, 2006, the date on which Mr. Rayborn voluntarily changed his status from active to inactive. Mr. Rayborn may not resume active status until reinstated by order of the Court.

Inquiries about this matter may be referred to Bar Counsel, Idaho State Bar, P.O. Box 895, Boise, ID 83701, (208) 334-4500.

### NOTICE TO RAYMUNDO G. PEŃA OF CLIENT ASSISTANCE FUND CLAIM

Pursuant to I.B.C.R. 614(a), the Idaho State Bar hereby gives notice to **Raymundo G. Peńa** that a Client Assistance Fund claim has been filed against him by former client Larry Johnson in the amount of $2,975.58. Please be advised that service of this claim is deemed complete fourteen (14) days after the publication of this issue of *The Advocate*.

**2009 Licensing Packets**

The 2009 licensing packets will be mailed in mid-November. Be sure your packet reaches you by verifying and updating your address information before November 10. Visit the ISB website at www.idaho.gov/isb to check your records in the Attorney Directory. Use the online form or contact the Membership Department at (208) 334-4500 or astrauser@isb.idaho.gov to update your information.







## Judges appointed in Idaho's 3rd and 6th Districts

BOISE, Idaho - Governor C.L. "Butch" Otter announced the appointment new district judges today in the 3rd and 6th judicial districts, filling vacancies in Canyon and Bannock counties left by a retirement and a federal appointment.

In the 3rd District, Governor Otter named long-time Owyhee County Magistrate Thomas J. Ryan to fill a vacancy left by the retirement of Judge James C. Morfitt from the district bench in Caldwell. Ryan is a Caldwell native who lives in Homedale with his wife Diane. They have three children and four grandchildren.

Ryan has an accounting degree from Notre Dame and a law degree from the University of Idaho. He has run the 3rd Judicial District's Drug Court operations from his position as a magistrate, and was instrumental in creating the Canyon County Youth Court program.

"Judge Ryan has a well-earned reputation for being hard-working, fair-minded and thoughtful. His broad experience includes handling civil and criminal cases with distinction, and his commitment to innovative problem solving shows in his work in mediation and court diversion programs," Governor Otter said. "Tom is extremely professional and well prepared to follow in the footsteps of a great jurist in Judge Morfitt."

In the 6th District, Governor Otter named private attorney David C. Nye of Pocatello to fill the vacancy created by the recent elevation of Judge Randy Smith to the 9th U.S. Circuit Court of Appeals.

Nye is a California native who graduated from Brigham Young University and its J. Reuben Clark Law School. He has been with the Pocatello law firm of Merrill & Merrill for 20 years. He and his wife Katre have eight children.

"Dave has the values, character and deep understanding of his community to be a successful and respected district judge," Governor Otter said. "Like Judge Smith before him, Dave is committed to the area and its people, as well as to the law. While someone of Judge Smith's quality and integrity is tough to replace, I'm proud to be able to fill this position with so able a candidate."

**0 Comments** Sort by Newest

Add a comment...

Facebook Comments Plugin

Advertisement


Top 15 Celebrities You Didn't Know are Black


Disturbing Photos of The Most Evil Men In History as Children


New Rule in Wyoming Leaves Drivers Furious and Shocked


This 1 "health" food is HORRIBLE for Diabetics (it's not what you think)


Celebs you didn't know passed away: #17 is Shocking


"Genius Pill" BANNED in 49 States Except Wyoming

4

Craig W. Christensen
**CRAIG W. CHRISTENSEN, CHARTERED**
414 South Garfield
P.O. Box 130
Pocatello, Idaho 83204-0130
Telephone: (208) 234-9353
Fax: (208) 234-9357
Idaho State Bar No. 2086
Utah State Bar No. 10355
E-mail: cwcc@ida.net

Attorneys For: First American Title Company of Idaho, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

H. M. TELFORD,

Plaintiff,

-vs-

LADD BROWN, BARRY BROWN AS AGENT FOR LADD BROWN, PAUL C. HESS PERSONALLY AND AS VICE PRESIDENT OF BEEHIVE CREDIT UNION, BEEHIVE CREDIT UNION, AMBER ALLEN, FIRST AMERICAN TITLE INSURANCE CO. JEFF BARNES AND DOES 1-10,

Defendants.

Case No. CIV-05-460-E-MHW

AFFIDAVIT OF MONINE COLE IN SUPPORT OF MOTION TO DISMISS OF FIRST AMERICAN TITLE INSURANCE CO.

STATE OF IDAHO )
: ss.
County of Ada )

Monine Cole, being first duly sworn, deposes and says:

1. I am the Vice President/Trust Officer of First American Title Company of Idaho, Inc., which is an Idaho Corporation and have personal knowledge of the facts set forth herein and make this Affidavit for and on its behalf.



"31"

merged with First American Administrative Services, Inc.; that John W. Weigand is the President, Quinn H. Stufflebeam is the Secretary, and Dwain H. Stufflebeam is a Director.

25. That a review of the records of the Secretary of State of the State of Idaho reveals that there is no legal entity known as First American Title Insurance Co., the name of the entity listed as a party Defendant by the Plaintiff, in her Verified Complaint and Demand For Jury Trial.

Monine Cole

SUBSCRIBED AND SWORN To before me this 9th day of March, 2006.

MELISSA BOONE
NOTARY PUBLIC
STATE OF IDAHO

Notary Public for Idaho
Residing at: __________, Idaho
My Commission Expires: __________

MELISSA BOONE
Notary Public, State of Idaho
Residing in Boise
My Commission Expires July 18, 2008

5

# Department of Insurance





## Company Information

Name: FIRST AMERICAN TITLE INSURANCE COMPANY
Address: 1 FIRST AMERICAN WAY
SANTA ANA, CA 92707

Phone: (714) 250-3000
Toll-Free: (800) 854-3643

Web: www.firstam.com

Company Type: Title
License Number: 899
Date Admitted: 10/28/1969

License Status: Active

NAIC Code: 50814
NAIC Group Code: 0070

New Search

6

No. C 46308

Return to:
SECRETARY OF STATE
700 WEST JEFFERSON
PO BOX 83720
BOISE, ID 83720-0080

**NO FILING FEE IF RECEIVED BY DUE DATE**

**Due no later than Oct 31, 2004**
**Annual Report Form**

1. Mailing Address - Correct in this box, if applicable

FIRST AMERICAN TITLE COMPANY OF IDA
D. H. STUFFLEBEAM
P. O. BOX 580

BLACKFOOT, ID 83221

2. Registered Agent and Office **NO PO BOX**

MICHAEL K FERRIN
195 S BROADWAY

BLACKFOOT, ID 83221

3. New Registered Agent Signature

4. Corporations: Enter Names and Business Addresses of President, Secretary and Directors.

| Office held | Name | Street or P.O. Address | City | State | Zip |
|---|---|---|---|---|---|
| President | Steve Jewett | 7311 Potomac Drive | Boise | Idaho | 83704 |
| Secretary | Dwain H. Stufflebeam | P.O. Box 580 | Blackfoot | Idaho | 83221 |
| Directors | Tom Hartman | 2101 4th Ave., St. 800 | Seattle | WA | 98121 |
| | Parker Kennedy | 1 First American Way | Santa Ana | CA | 92701 |
| | Dwain H. Stufflebeam | P.O. Box 580 | Blackfoot | Idaho | 83221 |

5. Organized Under the Laws of:

IDAHO
C 46308

6. Signature [signature] Date Nov. 23, 2004

Name (Typed or Printed) Dwain H. Stufflebeam Title Secretary

Issued 11/10/2004 by MS1

**Do Not Tape or Staple**

200410002311

7

First American

FAF: 16.76

Home / Investor Relations / Biography

# Biography

<< Back



**Parker S. Kennedy**
**Chairman**
**First American Financial Corporation**

Parker S. Kennedy is chairman of First American Financial Corporation. He is also chairman emeritus of CoreLogic, Inc., a position he assumed in May 2011 after serving as that company's executive chairman following The First American Corporation's separation of its Financial Services and Information Solutions businesses in June 2010. Prior to the separation, he served as chairman and CEO of the combined entity, a position he assumed in December 2003, after serving as president for nearly 12 years.

Kennedy was named to the board of directors of First American Title in 1981. In 1983, he was named executive vice president of First American Title, and then was elected to the same position with The First American Corporation in 1986. In 1987, he was elected to the board of The First American Corporation. Since joining First American in 1977, he has also been vice president-national sales director on corporate staff and manager of the firm's Ventura County office in Oxnard, Calif. Earlier he was senior vice president of the firm's subsidiary, First American Title Company of Los Angeles.

In May 2003, Kennedy was recognized as one of America's top chief executives on Forbes Magazine's prestigious list of "Best-Performing Bosses." Ranked at number five, Kennedy was one of only 10 executives from the nation's 500 largest companies to receive an A+ efficiency grade for pay versus performance.

Kennedy was also recently honored by the Marine Corps Scholarship Foundation, which presented him with the 2010 Semper Fidelis Award in recognition of his lifetime of community and philanthropic leadership and his standing as a pillar of the Southern California business community.

Kennedy serves on the boards of directors of various charitable organizations, including the Fletcher Jones Foundation. He is a past chairman of the board of the Santa Ana Chamber of Commerce, the Bowers Museum, and the Orange County Council of the Boy Scouts of America. Kennedy is also a past president of the American Land Title Association.

A member of the California Bar Association, Kennedy practiced law for four years with Levinson & Lieberman in Beverly Hills, Calif. He graduated from the University of Southern California, Los Angeles in 1970 with a bachelor of arts degree in social science and communication with a concentration in economics, and received his law degree from Hastings College of the Law, San Francisco, in 1973.

Kennedy was born in Orange, Calif., where he now resides. He is the great-grandson of First American's founder, C.E. Parker.

©2005-2012 First American Financial Corporation and/or its affiliates. All rights reserved.

First American



# First American Title names Thomas S. Hartman regional vice president of its Pacific Northwest operations

**December 22, 1999, SANTA ANA, CALIFORNIA**

First American Title Insurance Company, one of the nation's largest title insurers, today announced that it has named Thomas S. Hartman to the position of regional vice president of its Pacific Northwest region, which includes the states of Alaska, Idaho, Montana, Oregon and Washington.

Hartman joined First American in 1986 as legal counsel in Spokane, Wash. Following that he managed title and escrow operations in both Tucson and Phoenix, Ariz. He was the company's Snohomish County manager in Everett, Wash., until accepting his most recent position as vice president of special operations for corporate staff in Santa Ana, Calif. Prior to joining First American, Hartman worked as an attorney with the Seattle law firm of Preston, Thorgrimson, Ellis & Holman.

Hartman, a member of the State Bar of Washington, holds a bachelor of arts degree in economics from Washington State University in Pullman and a juris doctor from University of California Berkeley's Boalt Hall School of Law. Hartman and his wife, Cheryl, will return to Washington to reside in the Seattle area with their two children.

First American Title Insurance Company, the largest subsidiary of The First American Financial Corporation (NYSE: FAF), traces its history to 1889. One of the largest title insurers in the nation, the company offers title services through more than 500 offices and an extensive network of agents throughout the United States and abroad. The company has its headquarters in Santa Ana, Calif. Information about The First American Financial Corporation's subsidiaries and an archive of its press releases can be found on the Internet at www.firstam.com.

©2005-2012 First American Financial Corporation and/or its affiliates. All rights reserved.

8

FD-302 (Rev. 10-6-95)

-1-

FEDERAL BUREAU OF INVESTIGATION

Date of investigation 12/14/2006

On December 11, 2006, detective Schwartz was telephonically interviewed at his place of employment, Oneida County Sheriff's office regarding Holli Lundahl's claimed residence at 10621 S. Old Highway 191, Malad City Idaho 83252. After being advised of the identity of the interviewing Agent and the purpose of the interview, Detective Schwartz provided the following information:

Detective Schwartz advised that he had visited Holli's alleged residence at 10621 S. Old Highway 191, Malad City Idaho to verify any occupancy of the residence for purposes of the upcoming bail appeal hearing and to support the competency of an earlier filed contempt judgment entered against Holli by federal judge Richard Tallman in June of 2006 barring Holli from filing any cases in the state of Idaho on the alleged grounds that Holli did not own or reside at the real property situs address 10621 S. Old Highway 191, Malad City Idaho. Judge Tallman had asked us to investigate into perjury charges against Ms. Lundahl.

Detective Schwartz admitted that he interviewed the county tax assessor who reported that no residence existed at this address, and further, that no homestead exemption had ever been recorded to obtain property tax benefits for a residence property. Detective Schwartz then visited the property in support of a prospective perjury prosecution prompted by Judge Tallman. Detective Schwartz reported that there was indeed an old farm house and barn located at Lundahl's claimed residence address but that Lundahl could not have been residing at the property because there was no power to the building. Detective Schwartz reported that he could not enter or see into the residence because the windows were completely covered and all accesses were locked. Based on detective Schwartz's report that no power existed to the building, an additional perjury charge was submitted.

Investigation on 12/14/2006 at Salt Lake City, Utah

File # 49-SU-62776 Date dictated 12/14/2006

by Sonja Sorenson:eva

ROCKY MOUNTAIN POWER

*Let's turn the answers on.*

P.O. Box 25308
Salt Lake City, Utah 84125-0308
1-888-221-7070
fax 1-877-809-3193
rockymountainpower.net

**Account Billing and Payment History***

Account # 13066089 002 6

Current Amount Due: $0.00

| Date | Statement/Payment | Bill Amount | Payments & Credits |
|---|---|---|---|
| 12/07/2006 | Customer Payment | $0.00 | $80.00 |
| 11/06/2006 | Regular Bill | $18.47 | $0.00 |
| 10/06/2006 | Regular Bill | $9.01 | $0.00 |
| 09/26/2006 | Customer Payment | $22.03 | $135.15 |
| 09/07/2006 | Short Term Payment Plan - Past Due Notice | $60.15 | $0.00 |
| 08/08/2006 | Short Term Payment Plan - Regular Bill | $50.00 | $75.00 |
| 08/07/2006 | Customer Payment | $24.24 | $75.00 |

our true strength is
**our connection to you**

ROCKY MOUNTAIN POWER

P.O. Box 25308
Salt Lake City, Utah 84125-0308
1-888-221-7070
fax 1-877-809-3193
rockymountainpower.net

Dear Ms. Telford

Pursuant to your request, we've conducted an account history analysis on this account. Our records show that ongoing service to 10621 S. Old Hwy 191, Malad City Idaho 83252 has been intact since March of 2005. All bills have been paid on time, the account has never been delinquent, nor has the service ever been disconnected at any time from its initiation date of March 3, 2005 to today's date. Furthermore, the account is still active and service is being utilized.

Sincerely,

Rocky Mountain Power Customer Service



our true strength is
our connection to you

9

ENT 87269:2005 PG 1 of 1
RANDALL A. COVINGTON
UTAH COUNTY RECORDER
2005 Aug 09 4:37 pm FEE 10.00 BY SS
RECORDED FOR FIRST AMERICAN TITLE CO

**After recording, Please return to:**

First American Title Insurance Co.
578 South State Street
Orem, Utah 84058

**AFFIDAVIT OF IDENTITY**
**One And The Same Statement**

The undersigned, having been duly sworn, hereby deposes and says as follows:

1. I am a resident of Utah County, State of Utah, over the age of twenty-one years and in all respects am competent to testify to the matters contained herein.

2. I am a Manager for First American Title Insurance Co. and in that capacity I am duly authorized to execute this Affidavit.

3. By inadvertence and mistake, First American Title Insurance Co. executed and caused to be recorded a certain Warranty Deed, dated February 7, 2003 and recorded in the Utah County Recorder's Office on February 10, 2003, as Entry No. 20277:2003. The Grantor on said Warranty Deed was shown as Leah R. Castagna but title to the property described below was held as Leah Castagna.

4. This Affidavit of Identity is hereby given for the purpose of establishing that Leah R. Castagna, Grantor in the above stated Warranty Deed and Leah Castagna, who is the vested owner of the below described property, are one and the same person and title to the subject property should be conveyed through the above described Warranty Deed to the Grantor, Brett A. Cook.

5. Legal Description:

Lot 2, Plat "C", Cherry Village, a planned unit development as the same is identified in the Recorded Survey Map in Utah County, Utah, as Entry No. 9651, Map Filing No. 1014 (as said record of survey map may have heretofore been amended or supplemented) and in the Declaration of Covenants, recorded in Utah County, Utah, as Entry No. 9652, in Book 1280, at Page 318 (as said Declaration my have heretofore been amended or supplemented.).
Tax ID No. 36-326-0002

David M. Acor
Escrow Officer

State of Utah
County of Utah
On the 9 day of August, 2005, personally appeared before me David M. Acor, the signer of the above instrument, who duly acknowledged to me that he executed the same

JASON HENTMEISTER
NOTARY PUBLIC • STATE of UTAH
578 S. STATE STREET
OREM, UTAH 84058
COMM. EXPIRES 4-16-2007

Notary Public
Residing at: Orem, UT
My Commission expires: 4/16/07

ENT 24739:2003 PG 1 of 13
RANDALL A. COVINGTON
UTAH COUNTY RECORDER
2003 Jan 24 12:22 pm FEE 35.00 BY JRD
RECORDED FOR FIRST AMERICAN TITLE CO

After Recording Return To:
FIRST AMERICAN TITLE INSURANCE
578 S. STATE STREET
OREM, UT 84058

Tax Serial Number:
FATCO 4130305 [Space Above This Line For Recording Data]

# DEED OF TRUST

**MIN: 100029500004093534**

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "**Security Instrument**" means this document, which is dated **June 13, 2003**, together with all Riders to this document.

(B) "**Borrower**" is **Vance B. Standifird**

Borrower is the trustor under this Security Instrument.

(C) "**Lender**" is **Taylor, Bean & Whitaker Mortgage Corp.**
Lender is a **Florida Corporation** organized and existing under the laws of **Florida**. Lender's address is
**1417 North Magnolia Ave, Ocala, FL 34475**

(D) "**Trustee**" is **FIRST AMERICAN TITLE INSURANCE**

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "**Note**" means the promissory note signed by Borrower and dated **June 13, 2003**. The Note states that Borrower owes Lender **Forty Five Thousand and no/100** Dollars (U.S. $ **45,000.00**) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **July 01, 2018**.



***024102409353***
*024102409353*

ENT 33354:2006 PG 1 of 15
RANDALL A. COVINGTON
UTAH COUNTY RECORDER
2006 Mar 21 4:47 pm FEE 56.00 BY SS
RECORDED FOR FIRST AMERICAN TITLE CO

**After recording, Please return to:**

First American Title Insurance Co.
578 South State Street
Orem, Utah 84058

**AFFIDAVIT AND NOTICE**

The undersigned, having been duly sworn, hereby deposes and says as follows:

1. I am a resident of Utah County, State of Utah, over the age of twenty-one years and in all respects am competent to testify to the matters contained herein.

2. I am a Escrow Officer for First American Title Insurance Co. and in that capacity I am duly authorized to execute this Affidavit.

3. By inadvertence and mistake, First American Title Insurance Co. executed and caused to be recorded a certain Warranty Deed, executed by Don E. Henrichsen and Don Henrichsen, dated August, 22, 2005 and recorded in the Utah County Recorder's Office on November 04, 2005, as Entry No. 127514:2005. Said Warranty Deed was recorded with an erroneous legal description, affecting Parcel 10 which read as follows:

PARCEL 10:

THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION 35, TOWNSHIP 8 SOUTH, RANGE 3 EAST, SALT LAKE BASE AND MERIDIAN.

ALSO, COMMENCING AT THE NORTHWEST CORNER OF THE NORTHEAST QUARTER OF THE NORTHWEST QUARTER OF SECTION 36, TOWNSHIP 8 SOUTH, RANGE 3 EAST, SALT LAKE BASE AND MERIDIAN; THENCE EAST 250 FEET; THENCE SOUTH 08°30' WEST 1000 FEET; THENCE SOUTH 27°37' WEST 257.9 FEET; THENCE NORTH 1130.8 FEET TO THE POINT OF BEGINNING.

ALSO, COMMENCING AT THE NORTHEAST CORNER OF THE NORTHEAST QUARTER OF THE NORTHWEST QUARTER OF SECTION 36, TOWNSHIP 8 SOUTH, RANGE 3 EAST, SALT LAKE BASE AND MERIDIAN; THENCE WEST 665 FEET; THENCE SOUTH 08°30' WEST 1023 FEET; THENCE SOUTH 17°28' WEST 326.2 FEET; THENCE EAST 931.1 FEET; THENCE NORTH 1320 FEET TO THE POINT OF BEGINNING.

4. Notice is hereby given that the legal description of said Warranty Deed should read as follows:

PARCEL 10:

THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF

SECTION 35, TOWNSHIP 8 SOUTH, RANGE 3 EAST, SALT LAKE BASE AND MERIDIAN.

ALSO, COMMENCING AT THE NORTHWEST CORNER OF THE NORTHEAST QUARTER OF THE NORTHWEST QUARTER OF SECTION 35, TOWNSHIP 8 SOUTH, RANGE 3 EAST, SALT LAKE BASE AND MERIDIAN; THENCE EAST 250 FEET; THENCE SOUTH 08°30' WEST 1000 FEET; THENCE SOUTH 27°37' WEST 257.9 FEET; THENCE NORTH 1130.8 FEET TO THE POINT OF BEGINNING.

ALSO, COMMENCING AT THE NORTHEAST CORNER OF THE NORTHEAST QUARTER OF THE NORTHWEST QUARTER OF SECTION 35, TOWNSHIP 8 SOUTH, RANGE 3 EAST, SALT LAKE BASE AND MERIDIAN; THENCE WEST 665 FEET; THENCE SOUTH 08°30' WEST 1023 FEET; THENCE SOUTH 17°28' WEST 326.2 FEET; THENCE EAST 931.1 FEET; THENCE NORTH 1320 FEET TO THE POINT OF BEGINNING.

Cassie Dente

Cassie Dente
Escrow Officer

State of Utah

County of Utah

On the 20 day of March, 2006, personally appeared before me Cassie Dente, the signer of the above instrument, who duly acknowledged to me that he executed the same

TERRI O. MURPHY
NOTARY PUBLIC • STATE of UTAH
578 S. STATE STREET
OREM, UTAH 84058
COMM. EXPIRES 5-1-2009

Terri O. Murphy
Notary Public
Residing at: UT County UT
My Commission expires: 5/1/09

ENT 36431:2005 PG 1 of 3
RANDALL A. COVINGTON
UTAH COUNTY RECORDER
2005 Apr 06 4:34 pm FEE 14.00 BY SFS
RECORDED FOR FIRST AMERICAN TITLE CO

**After recording, Please return to:**

First American Title Insurance Co.
578 South State Street
Orem, Utah 84058

**AFFIDAVIT AND NOTICE**

The undersigned, having been duly sworn, hereby deposes and says as follows:

1. I am a resident of Utah County, State of Utah, over the age of twenty-one years and in all respects am competent to testify to the matters contained herein.

2. I am a Escrow Officer for First American Title Insurance Co. and in that capacity I am duly authorized to execute this Affidavit.

3. By inadvertence and mistake, First American Title Insurance Co. executed and caused to be recorded a certain Warranty Deed, dated June 10, 1997 and recorded in the Utah County Recorder's Office on June 17, 1997, as Entry No. 46199, in Book 4297, at Page 308. Said Warranty Deed was recorded with an erroneous legal description, which read as follows:

See Attached Exhibit "A"

4. Notice is hereby given that the legal description of said Warranty Deed should read as follows:

See Attached Exhibit "B"

David M. Acor
Escrow Officer

State of Utah
County of Utah
On the 6 day of April, 2005, personally appeared before me David M. Acor, the signer of the above instrument, who duly acknowledged to me that he executed the same

TERRI O. MURPHY
NOTARY PUBLIC • STATE of UTAH
578 SOUTH STATE
OREM, UT 84058
COMM. EXP 5-1-2005

Terri O. Murphy
Notary Public
Residing at: UT County, UT
My Commission expires: 5/1/05

ENT 49611:2004 PG 1 of 2
RANDALL A. COVINGTON
UTAH COUNTY RECORDER
2004 Apr 29 4:39 pm FEE 12.00 BY SFS
RECORDED FOR FIRST AMERICAN TITLE AGENCY
ELECTRONICALLY RECORDED

**After recording, Please return to:**

First American Title Insurance Co.
578 South State Street
Orem, Utah 84058
File No. 4088008

**AFFIDAVIT AND NOTICE**

The undersigned, having been duly sworn, hereby deposes and says as follows:

1. I am a resident of Utah County, State of Utah, over the age of twenty-one years and in all respects am competent to testify to the matters contained herein.

2. I am a Escrow Officer for First American Title Insurance Co. and in that capacity I am duly authorized to execute this Affidavit.

3. By inadvertence and mistake, First American Title Insurance Co. executed and caused to be recorded a certain Warranty Deed, dated March 26, 2003 and recorded in the Utah County Recorder's Office on March 27, 2003, as Entry No. 46480:2003. Said Warranty Deed was recorded with an erroneous legal description, which read as follows:

   Unit 44, Phase IV, STONEBROOK CONDOMINIUMS, Orem, Utah, as the same is identified in the Record of Survey Map therefore recorded in Utah County, Utah, as Entry No. 7086, (as said Record of Survey Map may have heretofore been amended or supplemented) and in the Declaration of Condominium of STONEBROOK CONDOMINIUMS, recorded in Utah county, Utah, as Entry No. 7087, in Book 3873, at Page 658 (as said Declaration may have heretofore been amended or supplemented). Together with the undivided ownership interest in and to the Common Areas and Facilities which is appurtenant to said Unit as more particularly described in said Declaration (as said Declaration may have heretofore been amended or supplemented).

4. Notice is hereby given that the legal description of said Warranty Deed should read as follows:

Unit 40, Phase IV, STONEBROOK CONDOMINIUMS, Orem, Utah, as the same is identified in the Record of Survey Map therefore recorded in Utah County, Utah, as Entry No. 7086, (as said Record of Survey Map may have heretofore been amended or supplemented) and in the Declaration of Condominium of STONEBROOK CONDOMINIUMS, recorded in Utah county, Utah, as Entry No. 7087, in Book 3873, at Page 658 (as said Declaration may have heretofore been amended or supplemented). Together with the undivided ownership interest in and to the Common Areas and Facilities which is appurtenant to said Unit as more particularly described in said Declaration (as said Declaration may have heretofore been amended or supplemented).

David M. Acor
Escrow Officer

State of Utah
County of Utah
on the 29th day of April, 2004, personally appeared before me David M. Acor, the signer of the above instrument, who duly acknowledged to me that he executed the same

TANNA L. SHURTLIFF
NOTARY PUBLIC • STATE of UTAH
578 SOUTH STATE STREET
OREM, UTAH 84058
COMM. EXPIRES 8-20-2006

Notary Public
Residing at: Orem
My Commission expires: 8/20/06

ENT 82081:2010 PG 1 of 3
RODNEY D. CAMPBELL
UTAH COUNTY RECORDER
2010 Sep 28 12:55 pm FEE 14.00 BY SW
RECORDED FOR FIRST AMERICAN TITLE INSU

**RECORDING REQUESTED BY:**

National Default Title Services, a division of
First American Title Insurance Company

**WHEN RECORDED MAIL TO:**

First American Title Insurance Compar
3 First American Way
Santa Ana, CA 92707
Attn: Kelly Murphy

**TITLE OF DOCUMENT:**

LIMITED POWER OF ATTORNEY TO EXECUTE DOCUMENTS

**Executed:** May 12, 2010

**By:**

FANNIE MAE
14221 Dallas Parkway, Suite 1000
Dallas, TX 75254

**To:**

National Default Title Services, a division of
First American Title Insurance Company
3 First American Way
Santa Ana, CA 92707

22. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

- [X] Condominium Rider
- [ ] Graduated Payment Rider
- [ ] Growing Equity Rider
- [ ] Planned Unit Development Rider
- [ ] Adjustable Rate Rider
- [ ] Rehabilitation Loan Rider
- [ ] Non-Owner Occupancy Rider
- [ ] Other [Specify]

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 8 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_________________ (Seal)
STEPHEN L. HARMON -Borrower

_________________ (Seal)
-Borrower

_________________ (Seal)
-Borrower

_________________ (Seal)
-Borrower

_________________ (Seal)
-Borrower

_________________ (Seal)
-Borrower

Witness: _________________

Witness: _________________

STATE OF UTAH, UTAH County ss:

The foregoing instrument was acknowledged before me this May 10th 2006,
by STEPHEN L. HARMON

_________________

Notary Public residing at: Orem

CHERI RICHEY
NOTARY PUBLIC • STATE of UTAH
576 S. STATE STREET
OREM, UTAH 84058
COMM. EXPIRES 9-30-2008



Mutfha7.dot

# 10

3. Barry Brown and Ladd Brown orally represented to me and others present in the reception area of First American Title Insurance's Office in Orem, Utah, to include Holli Telford aka H.M. Telford, that Barry Brown had Ladd Brown's full power of attorney to expedite all papers concerning the sale of the subject real property to H.M. Telford.

4. It is a false statement that the original Real Estate Purchase Contract and Addendum purportedly executed on July 12, 2005 were signed in First American Title Insurance's Office in Orem, Utah.

5. On the contrary, I was first contacted by H.M. Telford by phone from the state of Idaho and Ms. Telford specifically asked me if Real Estate Contracts that were already executed and initiated out of state, could be brought into our office given our office's closest proximity to the subject property, and an escrow account opened to administrate trust matters until title in the property was transferred to the buyer H.M. Telford. I agreed that we could open such an escrow account.

6. When I first met H.M. Telford, Barry Brown and Ladd Brown in the reception office of First American Title Insurance located in Orem, Utah, these persons handed me ***already executed*** Purchase and Addendum contracts. Pursuant to all parties' request, I photocopied these already executed contracts, I received a wired cashiers check for $15,000 from Holli Telford, and I accepted the Browns oral representations that Barry Brown would be acting as Ladd Brown's power of attorney and handing all matters concerning the real property.

I declare that the foregoing is true and correct under penalty of perjury under the laws of these United States pursuant to 28 USC section 1746(2). Executed this 12th day of December, 2005.

Jeff Barnes
Escrow Officer Ins.
First American Title

Notary Public

VIRGINIA I. GREGORY
NOTARY PUBLIC • STATE of UTAH
575 S. STATE STREET
OREM, UTAH 84058
COMM. EXPIRES 1-18-2008

# 11

ORIGINAL

2006 AUG -2 A 11: 13

Craig W. Christensen
**CRAIG W. CHRISTENSEN, CHARTERED**
414 South Garfield
P.O. Box 130
Pocatello, Idaho 83204-0130
Telephone: (208) 234-9353
Fax: (208) 234-9357
Idaho State Bar No. 2086
Utah State Bar No. 10355
E-mail: cwcc@ida.net

Attorneys for: First American Title Insurance Agency of Utah, LLC

IN THE FOURTH JUDICIAL DISTRICT COURT
IN AND FOR UTAH COUNTY, STATE OF UTAH

| | |
|---|---|
| First American Title Insurance Agency of Utah, LLC, a Delaware Limited Liability Company, authorized to do business within the State of Utah, Plaintiff, -vs- Holli TELFORD, a/k/a Holly Telford; LADD BROWN; and BARRY BROWN, Defendants. | COMPLAINT - INTERPLEADER 0602-1791 |

COMES NOW Plaintiff and for a claim against Defendants, Holli Telford, Ladd Brown, and Barry Brown, and each of them, and alleges:

1. Plaintiff is, and at all times mentioned, was conducting business under the name and style of First American Title Insurance Agency of Utah, LLC, located at 578 South State Street, Orem, Utah.

12

FILED

APR 01 2008

CG

4TH DISTRICT
STATE OF UTAH
UTAH COUNTY

4TH DISTRICT COURT - OREM
UTAH COUNTY, STATE OF UTAH

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE, Plaintiff, | NOTICE OF INTENT TO DISMISS |
| vs. | Case No: 060201791 IP |
| H M TELFORD, Defendant. | Date: April 1,2008 |

Clerk: christyg

Notice is hereby given that, due to inactivity, the above entitled matter may be dismissed for lack of prosecution. Unless a written statement is received by the court within 20 days of this notice showing good cause why this should not be dismissed, the court will dismiss without further notice.

Dated this ____ day of APR 01 2008, 20__

District Court Clerk

STATE OF UTAH
Fourth District Court • Orem

13

The decision of the United States District Court for the District of Idaho in H. Telford v. Ladd Brown, et al, Case No. 4:05-CV-00460 is res judicata of Ms. Telford's pleadings in this matter. Paragraphs 14, 18, 21, 22 and 23 of her "Special Appearance" admit that her allegations and defenses in this case are the same as those she asserted in the Federal District Court of Idaho. The Orders rendered in the federal case found her position meritless and entered Judgment in favor of the Browns. Those orders provided a finality of Judgment that precludes, by res judicata, the re-litigation of the same issues here. The Judgment of the United States District Court for the State of Idaho, is entitled to the presumption of accuracy.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED Defendants Ladd Brown and Barry Brown's Motion for Summary Judgment is granted.

IT IS FURTHER ORDERED that the interpled funds of $9,434.00 be awarded to Ladd Brown and Barry Brown, c/o the office of Merrill & Merrill, Chartered, P.O. Box 991, Pocatello, Idaho 83404-0991.

IT IS FINALLY ORDERED that Plaintiff First American Title Insurance Agency of Utah, LLC, and its associated legal entities are fully discharged and released from any and all liability or claims of Defendants H.J. Telford a/k/a, .H. Telford, a/k/a H[illegible] Telford, Ladd Brown and Barry Brown arising out of or pertaining to said purchase and sale of real property and the escrow associated therewith

DATED this 28th day of July, 2008.

John C. Backlund
District Judge

# 14

# United States District Court
## For The District of Utah, Central Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HOLLI LUNDAHL,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case Nos. 06-CR-00693 WFD &<br>07-CR-00272 WFD |

**ORDER DISMISSING CHARGES WITHOUT PREJUDICE AND ORDERING THE IMMEDIATE RELEASE OF THE DEFENDANT**

This matter comes before the Court on the Government's Motions to Dismiss filed in each of the captioned cases. Having considered the motions, and having heard argument on the matter, the Court FINDS and ORDERS:

The Government's motions to dismiss are GRANTED; the charges against Ms. Lundahl are hereby DISMISSED without prejudice. The Government is instructed to immediately release Ms. Lundahl from custody and provide her with access to any property which may have been seized pursuant to her federal indictments.

The Court further orders that Ms. Lundahl's counsel, Mary Corporon, shall take all reasonable steps to notify Ms. Lundahl's family members of her release. Ms. Corporon shall remain appointed as counsel pending Ms. Lundahl's successful release

from custody and return of property seized pursuant to her federal indictments. Ms. Corporon shall move this Court to be dismissed from her obligation at such time as her appointment is no longer necessary.

It is so ORDERED.

DATED this 21st day of January, 2009.

Honorable William F. Downes
Chief United States District Judge
Sitting by Special Designation

15

ORIGINAL DOCUMENT IS PRINTED ON CHEMICAL REACTIVE PAPER & HAS A MICROPRINTED BORDER

FIRST AMERICAN

*Wyoming Land Title Company*
*95 East Flaming Gorge Way*
*Green River, WY 82935*
*(307)875-6700*

PR. NWEST
Ofc. 4611 (1787)

First American Trust, FSB
5 First American Way
Santa Ana CA 92707

178711354

90-4125/1222

PAY

DOLLARS

Re:

TO THE ORDER OF

Escrow Trust Account
Void After 180 Days

THE FACE OF THIS DOCUMENT INCLUDES A HIDDEN WORD - DO NOT CASH IF THE WORD VOID IS VISIBLE

⑈178711354⑈ ⑆122241255⑆ 3017870000⑈

16

MERGER

RECEIVED DEC 1 1 2006 Utah Div. Of Corp. & Comm. Code

**(TICLES OF MERGER**

**OF**

**FIRST AMERICAN TITLE INSURANCE AGENCY OF UTAH, INC**
**a Utah Corporation** 1465709-0142

**AND**

**FIRST AMERICAN TITLE INSURANCE AGENCY, LLC**
**a Delaware Limited Liability Company** 6033514-01615

X We, the undersigned, being the President and Secretary, respectively, of First American Title Insurance Agency of Utah, Inc.; a Utah corporation, and the Manager, of First American Title Insurance Agency, LLC , a Delaware limited liability company, do hereby certify as follows: X

1. The constituent business entities to be merged are First American Title Insurance Agency of Utah, Inc., a Utah corporation ("Utah"), and First American Title Insurance Agency, LLC , a Delaware limited liability company ("First American").

2. First American and Utah have duly authorized and approved on October 15, 2006, an Agreement and Plan of Merger (the "Merger Agreement") pursuant to which the surviving business entity is First American.

3.

(a) First American agrees that it may be served with process in this state in an action, suit or proceeding for the enforcement of any obligation of Utah and for the enforcement of any obligation of First American arising from the merger.

(b) First American irrevocably appoints the commission as its agent to accept service of process in the action, suit or proceeding described in subdivision (a), and the address to which the commission shall mail a copy of the process shall be:

Blake T. Heiner

560 South 300 East

Salt Lake City, UT 84111

4. A copy of the Merger Agreement is attached hereto and incorporated herein by this reference.

5. A copy of the Merger Agreement will be furnished by First American, on request and without cost, to any member of First American or shareholder of Utah.

T:\WP\RKS\Clients\First American\Utah\articles of merger2.doc



"52"

6. The effective date of the merger pursuant to the Merger Agreement shall be December 30, 2006.

7. This document may be executed in one or more counterparts, each of which will be deemed to be an original copy and all of which, when taken together, will be deemed to constitute one and the same agreement.

8. The Articles of Organization of First American shall be the Articles of the Surviving Entity from and after the Effective Date, subject to the right of the Surviving Entity to amend its Articles in accordance with the laws of the State of Delaware.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

[illegible] Commercial Co[illegible]
I hereby certified that the foregoing has been fi[illegible]
and approved on this 30 day of 12 20 06
in this office of this division and hereby issue
this Certificate of thereof
Examiner Valerie Turner Date 12/30/06

Date: 12/01/2006
Receipt Number: 1964213
Amount Paid: $851.00

**IN WITNESS WHEREOF**, the parties to this Agreement pursuant to the approval and authority duly given by resolutions adopted by their respective shareholders, directors, Members or Managers have caused these presents to be executed by the authorized person of each party hereto as the respective act, deed and agreement of each of said entities effective December 30, 2006.

**"First American"**
**First American Title Insurance Agency, LLC,**
**a Delaware limited liability company**

By: ______________________
Tom Wawersich, Manager

**"Utah"**
**First American Title Insurance Agency of Utah, Inc.,**
**a Utah Corporation**

By: ______________________
Mark S. Webber, President

By: ______________________
Blake T. Heiner, Secretary

T:\WP\RXS\Clients\First American\Utah\Agmt and Plan of Merger 2.doc

# 17

# RURAL DEVELOPMENT

Rural Housing Programs

## Section 504 Rural Home Repair Loans And Grants

*USDA Rural Development Section 504 loans and/or grants are available to assist eligible, very low income, homeowners with repair of their home, located in rural areas. Repairs may be made to improve or modernize the home, to make it safe, sanitary, or to remove health and safety hazards. Grants are only available for repairs that remove health or safety hazards.*

### Loan And Grant Purposes

Section 504 grant funds may be used only to pay costs for repairs and improvements which will remove identified health or safety hazards. Loan funds may be used to improve or modernize dwellings regardless of the removal of health or safety hazards. Dwellings repaired with loan or grant funds need not be brought to agency development standards or thermal performance standards, nor must all of the existing hazards be removed provided the dwelling does not continue to have major health or safety hazards after the planned repairs are made.

Authorized loan and grant purposes include but are not limited to the following:

- Installation or repair of sanitary disposal systems, together with related plumbing and fixtures, which will meet local health department requirements.
- Payment of reasonable connection fees, which may include assessments for utilities (i.e. water, sewer, electricity or gas) which are required to be paid by the applicant and which cannot be paid from other funds.
- Energy conservation measures such as:
  - Insulation.
  - Combination screen-storm windows and doors.
- Repair or replacement of heating system.
- Electrical wiring.
- Repair or replacement of roof.
- Replacement of deteriorated siding.
- Payment of incidental expenses such as surveys, title clearance, loan closing and architectural or other technical services.
- Necessary repairs to mobile/manufactured homes provided:
  - The applicant owns the home and site and has occupied the home prior to filing an application with USDA Rural Development.
  - The mobile/manufacture home is on a permanent foundation or will be put on a permanent foundation with Section 504 funds. A permanent foundation will be either:
    1. A full below grade foundation, or
    2. A home on blocks, piers or similar foundation with skirting and anchoring tie-downs.
  - The mobile/manufactured home is in need of repairs to remove health or safety hazards.
- Additions to dwellings with grant funds (conventional, manufactured or mobile) only when it is clearly necessary to remove health or safety hazards to the occupants.
- Repair or remodel houses to make accessible and usable for handicapped or disabled persons.
- Other necessary repairs or replacement.
- Payment of application packaging fees under certain conditions.

### Maximum Loan Or Grant

- Maximum assistance outstanding to any individual for initial or subsequent Section 504 loans may not exceed $20,000.
- Lifetime assistance to any individual for initial or subsequent Section 504 grants may not exceed a cumulative total of $7,500.

### Limitation On Use Of Loan/Grant Funds

Section 504 loan or grant funds may not be used to:

- Assist in the construction of a new dwelling.
- Make repairs to a dwelling of such poor condition that when the repairs are completed, the dwelling will continue to be a major hazard to the safety and health of the occupants.
- Move a mobile/manufactured home from one site to another.
- Refinance any debt or obligation of the borrower/grantee.

### Limitation On Use Of Grant Funds

In addition, Section 504 grant funds may not be used to make changes to the dwelling for cosmetic or convenience purposes, unless the work is directly related to the removal of hazards. Cosmetic and convenience changes may include, but are not limited to:

- Painting.
- Paneling.
- Carpeting.
- Improving clothes closets or shelving.
- Improving kitchen cabinets.
- Air conditioning.
- Landscape plantings.

### Eligibility Requirements

Section 504 applicants must meet the following requirements:

- A citizen of the United States.
- Posses legal capacity to incur the loan obligation.
- Owner and occupant of the dwelling to be repaired.
- Have an adjusted annual income that does not exceed the "very low income" limit as set by USDA Rural Development.
- Have a favorable credit history.
- Be unable to obtain the needed credit from other sources.

"J" "3"

- Be unable to remove the safety or health hazards by utilizing personal resources.
- Have adequate repayment ability.
- For a Section 504 grant only:
  - At least 62 years of age,
  - Lack repayment ability for a loan.

**Evidence Of Ownership**
Applicants must submit evidence of ownership of property to be improved.

**Rates And Terms**

- The interest rate for all Section 504 loans is one (1) percent per annum.
- Loan terms will not exceed 20 years and should be based on the borrower's repayment ability.

**Application**
Application for Section 504 assistance will be made on Form RD 410-4, "Application for Rural Assistance (non-farm tract) Uniform Residential Loan Application," which are available at local USDA Rural Development offices.

**Family Budget**
Form RD 1944-3, "Budget and/or Financial Statement", will be prepared by all Section 504 applicants. When determining repayment ability, the budget will consider and account for items such as:

- Non-cash benefits (food stamps, scholarships, free clothing, meals on wheels, free transportation, etc.) which help reduce the applicant's budgeted expenses.

**Credit Investigation**
Credit reports, at no expense to the applicant, are required for loans exceeding $7,500.

**Verification Of Income**
Income from employment will be verified by use of Form RD 1910-5, "Request of Verification of Employment". Social Security (SS), Supplemental Security Income (SSI), social services, pension and other similar sources are included as income.

**Cost Estimates**
Written cost estimates will be required for all work to be performed.

U.S. Department of Agriculture
Rural Development - Rural Housing Service
(Revised October 2009)

National Office Web Site: http://www.rurdev.usda.gov
South Dakota Web Site: http://www.rurdev.usda.gov/sd/
South Dakota State Office Telephone Number: (605) 352-1100
South Dakota State Office Facsimile Number: (605) 352-1146
South Dakota State Office TDD Number : (605) 352-1147
E-Mail Address: tammi.schone@sd.usda.gov

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W. Washington, D.C. 20250-9410, or call (800) 795-3272 (voice), or (202) 720-6382 (TDD). "USDA is an equal opportunity provider, employer, and lender."* (RHS-3)

# Additional Information Required for RHS Assistance

1 Loan Type: Section 502 ☐ Section 504 Loan ☐ Grant ☐

| APPLICANT #1 | APPLICANT #2 |
|---|---|
| 2. Have you ever obtained a loan/grant from RHS? Yes ☐ No ☐ | 3. Have you ever obtained a loan/grant from RHS? Yes ☐ No ☐ |
| 4. Are you a relative to an RHS Employee or Closing agent/attorney? Yes No<br>If yes, who? ________<br>Relationship ________ | 5. Are you a relative to an RHS Employee or Closing agent/attorney? Yes No<br>If yes, who? ________<br>Relationship ________ |
| 6. Are you a Veteran? Yes ☐ No ☐ | 7. Are you a Veteran? Yes ☐ No ☐ |

8. Complete for all household members.
To be considered eligible for RHS assistance, all household income including any income not shown in Section V of this application, must be disclosed below:

| Name | Age | Are you a full time student? y/n | Do you want to be considered for an adjustment from household income because of a disabling condition? y/n | Annual Wage Income | Source of Wage Income (employer) | Annual Non-Wage Income | Source of Non-Wage Income (social security, alimony, child support, separate maintenance, etc.) |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

9. Child Care *(Minors who are 12 years of age or under for whom you have to hire a babysitter or leave at a child care center)*
Cost per week $________ Cost per month $________

10. Name, Address and Telephone No. of Child care Provider(s).

11. Characteristics of Present Housing

| Does the Dwelling: | Yes | No | | Yes | No |
|---|---|---|---|---|---|
| Lack complete plumbing | ☐ | ☐ | Physically deteriorated or structurally unsound | ☐ | ☐ |
| Lack adequate heating | ☐ | ☐ | Overcrowded (More than 2 persons per room) | ☐ | ☐ |

12. Name, Address and Telephone Number of Present Landlord.

If residing at present address for less than two years, complete the following:
Name, Address and Telephone Number of Previous Landlord(s).

13. *(For Section 504 Grants Only)* I certify that as the condition of the grant, I/we will not engage in unlawful manufacture, distribution, dispensing, possession or use of a controlled substance in conducting any activity with the grant.

14. I am aware RHS does not warrant the condition or value of the property.

DEFENDANT'S EXHIBIT 
1

Filed
DEC - 9 2011
AT ____ O'clock ____ M.



Form RD 410-4

16. I AM unable to provide the housing I need on my own account, and I am unable to secure the credit necessary for this purpose from other sources upon terms and conditions which I can reasonably fulfill. I certify that the statements made by me in this application are true, complete to the best of my knowledge and belief and are made in good faith to obtain a loan.

**SECTION 1001 OF TITLE 18, UNITED STATES CODE PROVIDES: "WHOEVER, IN ANY MATTER WITHIN THE JURISDICTION OF ANY DEPARTMENT OR AGENCY OF THE UNITED STATES KNOWINGLY AND WILLFULLY FALSIFIES, CONCEALS OR COVERS UP BY ANY TRICK, SCHEME, OR DEVICE A MATERIAL FACT, OR MAKES ANY FALSE, FICTITIOUS OR FRAUDULENT STATEMENTS OR REPRESENTATIONS, OR MAKES OR USES ANY FALSE WRITING OR DOCUMENT KNOWING THE SAME TO CONTAIN ANY FALSE, FICTITIOUS OR FRAUDULENT STATEMENT OR ENTRY, SHALL BE FINED UNDER THIS TITLE OR IMPRISONED NOT MORE THAN FIVE YEARS, OR BOTH."**

NOTE TO APPLICANT: IF ANY INFORMATION ON THIS APPLICATION IS FOUND TO BE FALSE OR INCOMPLETE, SUCH FINDING, IN ADDITION TO POSSIBLE LIABILITY UNDER CIVIL AND CRIMINAL STATUS, MAY BE GROUNDS FOR DENIAL FOR THE REQUESTED CREDIT AND MAY BE A BASIS FOR DEBARMENT FROM PARTICIPATION IN ALL FEDERAL PROGRAMS UNDER 7 C.F.R. PART 3017.

| | |
|---|---|
| Date | Signature of Applicant<br>X |
| Date | Signature of Applicant<br>X |

| 17. Date | Signature of Loan Approval Official | Determination of Eligibility | Racial Data Provided by |
|---|---|---|---|
| | | ____ Eligible ____ Not Eligible | ____ Applicant ____ RHS |

18. Application received on ______________

Application completed on ______________

19. Credit Report Fee

Date Received: ______________ Amount Received: $ ______________

Initial: ______________

18

When recorded return to:
R. M. Telford
10621 S. Old Hwy 191
Malad City, ID 83252

# WARRANTY DEED

For good consideration, we JAMES KEDDINGTON, MARIE MARCHANT, of ONEIDA County, State of IDAHO, hereby bargain, deed and convey to: R. M. TELFORD of ADA County, State of IDAHO, the following described land in ONEIDA county, with WARRANTY COVENANTS, on May 14, 2009, to wit:

**LEGAL DESCRIPTION:**

**Property ID # T-003779**

A PARCEL OF LAND LOCATED IN SECTION 14, T 16 S, RANGE 36 EAST, BOISE MERIDIAN, ONEIDA COUNTY, AND FURTHER DESCRIBED AS FOLLOWS;

BEGINNING AT THE INTERSECTION OF THE WEST RIGHT-OF-WAY OF I-15 AS SHOWN ON THE PLANS OF PROJECT I-15-1 (68)0 AND A PROJECTION OF THE EAST RIGHT-OF-WAY FENCE OF THE COUNTY ROAD, (SAID POINT OF BEGINNING IS BY RECORD NORTH NWERLY 690 FEET FROM THE SE CORNER OF SAID SECTION 14) AND IS ALSO S 8°14'46" WEST 2137.70 FEET FROM THE EAST QUARTER CORNER OF SAID SECTION 14; THENCE ALONG THE SAID EAST RIGHT-OF-WAY FENCE; NORTH 29°15'43" WEST 499.41 FEET; NORTH 28°35'39" WEST 565.41 FEET;NORTH 34°53'40" WEST 325.44 FEET TO THE S LINE OF THE GEORGE ELLIS HARRIS PROPERTY AS SHOWN ON A RECORD OF SURVEY PREPARED BY A.A. HUDSON AND DATED JUNE 1987; THENCE NORTH 70°13'15" EAST 256.28 FEET ALONG SAID S LINE TO A 5/8" REBAR WITH CAP LABELLED LS 4735 SET ON THE WEST RIGHT-OF-WAY LINE OF SAID I-15; THENCE SERLY ALONG SAID RIGHT-OF-WAY LINE; S 35°33'57" EAST 78.57 FEET TO A STATE OF IDAHO RIGHT-OF-WAY MONUMENT AT STA.128+73.04 OF RAMP A-D OF SAID I-15; THENCE S 22°56'59" EAST 635.22 FEET ALONG SAID RIGHT-OF-WAY TO A STATE OF IDAHO RIGHT-OF-WAY MONUMENT; THENCE S 14°38'56" EAST 658.25 FEET TO THE POINT OF BEGINNING.

Grantor, for themselves and their heirs, hereby covenant with Grantee, its heirs, and assigns, that Grantors are lawfully seized in fee simple of the above-described premises; that they have good rights to convey; that the premises are free from all encumbrances; that Grantor and its heirs, and all persons acquiring any interest in the property granted, through or for Grantors, will, on demand of Grantee, or its heirs or

assigns, and at the expense of Grantee, its heirs or assigns, execute an instrument necessary for further assurance of the title to the premises that may be reasonably required; and that Grantors and their heirs will forever warrant and defend all of the same or any part thereof.

WITNESS the hands and seal of said Grantors:

Comes before me Holli Lundahl and duly acknowledges that she approved the foregoing Warranty Deed.

Holli Lundahl

Notary Public

DIANE SKIDMORE NOTARY PUBLIC STATE OF IDAHO

Comes before me Marie Marchant and duly acknowledges that she executed the foregoing Warranty Deed. 6/7/2010

Marie Marchant

Rachel A Hunsaker
Notary Public

NOTARY PUBLIC
RACHEL A HUNSAKER
Commission # 575048
My Commission Expires
June 18, 2012
STATE OF UTAH

Comes before me James Keddington and duly acknowledges that he executed the foregoing Warranty Deed. 6/5/2010

James Keddington

Kamille Lopez
Notary Public

NOTARY PUBLIC
KAMILLE LOPEZ
Commission # 574609
My Commission Expires
June 1, 2012
STATE OF UTAH

## ADDENDUM TO WARRANTY DEED

Pursuant to the additional instrument provision in the June 2009 Warranty Deed, James Keddington, Marie Marchant and Holli Lundahl hereby execute this Addendum to the Warranty Deed clerifying the full scope of the consideration tendered by R.M. Telford to effect the conveyance of title interest in the subject real property for a period of one day over 3 years before the real property is deeded over to the Irrevocable Telford - Lundahl Trust.

As part of her due consideration for beneficial title interest in the subject real property, R.M. Telford has agreed to execute an agreement with the USDA pursuant to 7 CFR 3550.114 which provides for USDA funds to help correct health and safety hazards with the subject real property. R.M. Telford also understands that the subject real property after the period of three years and one day will be transferred into the res of the Telford - Lundahl Trust in which R.M. Telford and all descendants and heirs of R.M. Telford hold beneficial interests. R. M. Telford also understands that Holli Telford Lundahl is the sole Trustee and presently holds the Irrevocable Power Of Attorney in said Trust. Finally R.M. Telford agrees to execute the following Irrevocable Power Of Attorney to Holli Telford upon transfer of title in the subject real property to R.M. Telford - as additional consideration for this conveyance. This Addendum and the below Irrevocable Power Of Attorney shall be strictly enforced in conjunction with the terms of the USDA agreement that R.M. Telford may enter into.

## – IRREVOCABLE POWER OF ATTORNEY –
## GRANTED BY RUTH MARLENE TELFORD AKA R.M. TELFORD AKA MARLENE LUNDAHL

I, R. M. Telford, do hereby grant to Holli Telford having address of 10621 S. Old Hwy 191, Malad, Idaho 83252 and phone number 208-473-5800, an irrevocable power of attorney and attorney in fact to act for me and as me with respect to all matters concerning the properties subject of this Addendum and the real property bearing situs address 10621 S. Old Highway 191, Malad City, ID 83252, immediately upon my execution of the USDA agreement intended to commit beneficial improvements to the subject real property bearing situs address 10621 S. Old Hwy 191, Malad City, Idaho 83252, as authorized under Idaho's Uniform Power Of Attorney Act, chapter 12, title 15, Idaho Code and as modified contractually herein.

1. To enter into real estate transactions of all types concerning the subject real property bearing situs address 10621 S. Old Hwy 191, Malad City, Idaho 83252, including maintenance agreements, borrow money and incur expenses, execute notes, mortgages, deeds of trust, other security and credit agreements, and transfer, convey and assign and deliver bills of sale, deeds and other instruments of title to real estate ;

2. To endorse Grantor's name on any checks, accounts, notes, drafts, payments, securities, Documents, affidavits, declarations, certifications, petitions, invoices, bills of lading relating to any Collateral, schedules, Chattel Paper, Assignments, secuirty accounts, and other public records and instruments. Grantor waives presentment and protest of all instruments and notice thereof, notice of default and dishonor and all other notices to

which Grantor may otherwise be entitled;

3. To initiate, defend and settle legal claims and lawsuits and to give releases and indemnities from liability;

4. To apply for any government benefits, to receive personal and confidential information, to file tax returns and papers and represent me in all tax matters with any tax agencies;

5. To engage in any insurance transactions of any type, and;

6. Do all things necessary to carry out the beneficial interests of the Telford–Lundahl Trust and "[t]o exercise or perform any act, power, duty, right or obligation whatsoever" on the grantor's behalf.

## DURATION OF AUTHORITY

This is an irrevocable power of attorney and authority to act as attorney in fact as it applies to the properties relevant to this Addendum. Idaho law authorizes this comprehensive power attorney. See Banner Life Ins. v. Mark Wallace Dixson Irrevocable Trust, 2009 Ida. LEXIS 55,*;147 Idaho 117; 206 P.3d 481

## THIS IRREVOCABLE POWER OF ATTORNEY MAKES HOLLI TELFORD AN EFFECTIVE OWNER OF THE SUBJECT PROPERTIES IN ACCORDANCE WITH SUPREME COURT LAW

See **The Jenny, 72 U.S. 183, 18 L.Ed. 693, 5 Wall. 183 (1866)** (An irrevocable power of attorney was made to one Jacob Rosenfeld, of Houston, in Texas, giving him absolute control over the management and disposition of the schooner. The power of attorney was executed by one John P. Molony, who, in a declaration represented himself as having authority to sell on behalf of the corporate owner. **The irrevocable power of attorney to Rosenfeld, vested in him all the powers of owner, and made him owner in effect**.)

## EFFECTIVE DATE

This power of attorney is effective immediately upon the grantor Ruth Marlene Telford signing of a USDA agreement concerning the real property bearing situs address 10621 S. Old Hwy 191, Malad City, ID 83252 and upon the owners James Keddington, Marie Marchant conveying title of the subject real property to R. M. Telford.

## RELIANCE ON THIS POWER OF ATTORNEY

Any person may rely upon this irrevocable power attorney or a copy of it.

On this 18th day of May, in the year of 2009, before me personally appeared Ruth Marlene Telford, and proved to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same by directing the unersigned notary to affix my signature thereto.

Ruth Marlene O'Telford

Grantor

Notary Public

TAUNYA TAYLOR
Notary Public
State of Utah
Comm. No. 578255
My Comm. Expires Mar 30, 2013

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Logan Lundahl
Hollie Telford

(b) County of Residence of First Listed Plaintiff: Kimball County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
PRO SE

## DEFENDANTS

First American Title Insurance Company, et al.

County of Residence of First Listed Defendant: Lincoln County NE
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*: Not Known

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☒ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 USC 1961 et seq. Federal racketeering act; 18 USC 1030(g) Computer Fraud and Abuse Act, etc.

Brief description of cause:
Racketeerting; Computer Fraud and Abuse and Federal Housing Act violations

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ________ DOCKET NUMBER ________

DATE: 11/05/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

Extremely Urgent

This envelope is for use with the following services: UPS Next Day Air® UPS Worldwide Express℠ UPS 2nd Day Air®

Visit **theupsstore.com** or call **1-800-PICK-UPS®** (1-800-742-5877) to find a location near you.

**Domestic Shipments**

- To qualify for the Letter rate, UPS Express Envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express Envelopes containing items other than those listed or weighing more than 8 oz. will be billed by weight.

**International Shipments**

- The UPS Express Envelope may be used only for documents of no commercial value. Certain countries consider electronic media as documents. Visit ups.com/importexport to verify if your shipment is classified as a document.
- To qualify for the Letter rate, the UPS Express Envelope must weigh 8 oz. or less. UPS Express Envelopes weighing more than 8 oz. will be billed by weight.

**Note:** Express Envelopes are not recommended for shipments of electron… containing sensitive personal information or breakable items. Do not sen… or cash equivalent.

…ocuments on this side.

…lope for:

…store.com to learn more …our Print & Business Services.

ROBERT DENNY FEDERAL BUILDING
100 CENTENNIAL MALL N
STE 593
LINCOLN NE 68508-3803
P:ORANGE S:NORTH I:111
BOY-FL3 1030
1Z64W312014923 6898

HOLLI TELFORD
(307) 352-9577
935 WILDERNESS TRAIL
GREEN RIVER WY 82935

0.9 LBS LTR 1 OF 1
SHIP WT: 1 LBS
DATE: 09 NOV 2015

RECEIVED
NOV 10 2015
CLERK
U.S. DISTRICT COURT
LINCOLN

SHIP TO: US DIST. COURT NEBRASKA
ROBERT DENNY FEDERAL BLDG
STE 593
100 CENTENNIAL MALL N
LINCOLN NE 68508-3803

NE 685 0-01

UPS NEXT DAY AIR 1

TRACKING #: 1Z 64W 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 6898

ISH 13.00N E2844 69.5V 10/2015

P/P

Recycled fiber
…st-Consumer