IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LOGAN LUNDAHL, and HOLLI TELFORD, | ) ) ) | |
| Plaintiffs, | ) ) | 4:15CV3133 |
| V. | ) ) ) | |
| STEPHEN DUNN, DUSTIN SMITH, JEFF SEMRAD, DIXIE HUBBARD, JAIME DE ANDA, ONEIDA COUNTY, US BANK, LAW OFFICES OF MERRILL AND MERRILL, KIMBERLEY JOHNSON, DETECTIVE SCHWARTZ, DOUG WILLIAMS, DAVID NYE, CRAIG CHRISTENSEN, FIRST AMERICAN TITLE INSURANCE COMPANY, B J BROWN, SHARON HESS, DOES 1-10, KEY BANK, LON COLTON, and KENT HIGGINS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) | |

This matter is before the court on review of Plaintiffs' Complaint (Filing No. 1) filed on November 10, 2015. For the reasons that follow, the court will require Plaintiffs to show cause for why their claims against Defendants should not be dismissed as untimely under the applicable statutes of limitations. *See Anderson v. United Transp. Union*, No. 4:09-CV-00136-WRW, 2009 WL 529920, at * 1 (E. D. Ark. Mar. 2, 2009) (collecting cases) ("[A] court may [] *sua sponte* dismiss a complaint, before service, when an affirmative defense, such as the statute of limitations, is obvious from the complaint.").

Plaintiffs' Complaint attempts to assert claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq*.; the Computer Fraud Abuse Act ("CFAA"), 18 U.S.C. §§ 1030, *et seq*.; the Fair Housing Act, 42

U.S.C. §§ 3601, *et seq*.; and the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*.  Plaintiff also purports to allege various state law claims.

Plaintiffs' allegations and the records attached to the Complaint suggest that this action was filed beyond the limitations period for each of Plaintiffs' respective claims. For example, the CFAA contains a two-year limitations period, which begins on "the date of the act complained of or the date of the discovery of the damage."  18 U.S.C. § 1030(g).  A civil RICO claim is subject to a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987).  Claims under the Fair Housing Act are subject to a two-year statute of limitations.  42 U.S.C. § 3613(a)(1)(A).  The Complaint only references events which occurred between 2004 and 2009.  Thus, the court will require Plaintiffs to show cause for why this action should not be dismissed as untimely.

Plaintiffs should note that a review of Plaintiffs' Complaint leads the court to believe that dismissal of this action on grounds other than the statute of limitations may be appropriate.  However, given the likely untimeliness of this suit, the other possible grounds for dismissal will not be addressed at this time.

IT IS THEREFORE ORDERED that:

1.      Within 30 days, Plaintiffs must file a response with the court showing cause for why all claims against Defendants should not be dismissed as untimely under the applicable statutes of limitations.  Absent a showing of good cause, this case will be dismissed.

2.      The clerk of the court is directed to set the following pro se case management deadline in this matter: May 16, 2016: check for Plaintiffs' response.

DATED this 13th day of April, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge