IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LOGAN LUNDAHL, and HOLLI TELFORD, | |
| Plaintiffs, | 4:15CV3133 |
| V. | |
| STEPHEN DUNN, DUSTIN SMITH, JEFF SEMRAD, DIXIE HUBBARD, JAIME DE ANDA, ONEIDA COUNTY, US BANK, LAW OFFICES OF MERRILL AND MERRILL, KIMBERLEY JOHNSON, DETECTIVE SCHWARTZ, DOUG WILLIAMS, DAVID NYE, CRAIG CHRISTENSEN, FIRST AMERICAN TITLE INSURANCE COMPANY, B J BROWN, SHARON HESS, DOES 1-10, KEY BANK, LON COLTON, and KENT HIGGINS, | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiffs instituted this action on November 10, 2015. (Filing No. 1.) One week later, on November 17, 2015, Plaintiffs filed a "Verified First Amended Complaint." (Filing No. 6.) For the reasons that follow, the court will require Plaintiffs to file a second amended complaint, or face dismissal of this action.

**DISCUSSION**

Plaintiffs' Verified First Amended Complaint ("Amended Complaint") is extremely long and almost impossible to decipher. The Amended Complaint is 59 pages long and incorporates 189 pages of exhibits. (Filing No. 6.) While far from

clear, the Amended Complaint appears to assert claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Computer Fraud and Abuse Act ("CFAA"), the Fair Housing Act, and the Americans with Disabilities Act. Plaintiffs also purport to allege various state law claims. The Amended Complaint is rambling and contains various allegations which appear to relate to distinct events. However, the crux of the Amended Complaint appears to be that Defendants allegedly interfered with the administration of the "Telford-Lundahl Trust," as well as other property interests purportedly held by Plaintiffs.

The court has carefully reviewed Plaintiffs' Amended Complaint, as well as the accompanying exhibits, and finds that the Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8. A complaint must state enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quotation omitted). Although a pro se plaintiff's allegations should be liberally construed, pro se litigants must comply with the Federal Rules of Civil Procedure. Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law").

The Amended Complaint is so long and convoluted that the court cannot determine with any certainty the legal and factual basis for Plaintiffs' claims. Additionally, the court questions whether the Amended Complaint even attempts to assert legitimate claims. Plaintiff Holli Telford[1] has a lengthy history of filing

---

[1] Plaintiff Holli Telford has evidently used multiple aliases in pervious suits, including "Holli Lundahl." See Lundahl v. Nar Inc., 434 F. Supp.2d 855, 860 n.2 (D. Idaho May 24, 2006) ("Plaintiff has employed numerous aliases in her past litigation including, but not limited to, H.M. Telford, M.H. Telford, Marti Telford, Holli Lundahl, H. Lundahl, H.T. Lundahl, Marti Lundahl, and Holly Mattie Telford"). Holli Telford, using the alias "Holli Lundahl," currently has another case pending in this court. *See Lundahl v. Hoffman*, 4:16-cv-3000 (D. Neb. 2016).

frivolous actions in federal courts. In fact, multiple other courts, including the United States Supreme Court, have placed filing restrictions on Ms. Telford. *See [Lundahl v. Eli Lilly & Co., 544 U.S. 997 (2005)](#)* ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee . . . is paid"); *[Lundahl v. Nar Inc., 434 F. Supp.2d 855 (D. Idaho 2006)](#)* (enjoining Plaintiff from instituting any suit in that court without first obtaining leave of court because she had filed duplicative and frivolous suits); *[Lundahl v. Hawkins, SA-09-CA-0588-XR, 2009 WL 3617518 (W.D. Tex. Oct. 27, 2009)](#)* (dismissing Plaintiff's complaint as frivolous and ordering that she be enjoined from filing any civil suit in Texas federal courts against certain defendants without first obtaining leave of court); *[Lundahl v. Eli Lilly and Co. No. 13-CV-241-SWS, 2014 WL 347157 (D. Wyo. Jan. 30, 2014)](#)* (noting Plaintiff's extensive history of abusive litigation and enjoining Plaintiff and all of her aliases from proceeding as a plaintiff in any civil matter in the District of Wyoming unless she is represented by counsel or obtains permission to proceed pro se).

Nevertheless, out of an abundance of caution, the court will grant Plaintiffs leave to file a second amended complaint. Should Plaintiffs fail to file a second amended complaint by the deadline set by the court, this action will be dismissed without further notice.

IT IS ORDERED that Plaintiffs shall file a second amended complaint no later than July 14, 2016. Should Plaintiffs fail to do so, this action will be dismissed without further notice. The clerk of court is directed to set a case management deadline using the following text: July 14, 2016: check for second amended complaint.

DATED this 14th day of June, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge